

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 9, 1962

Hon. Doyle J. Borchers          Opinion No. WW-1297
County Attorney
Bosque County                   Re:  Whether operating a two-
Meridian, Texas                      wheel farm trailer, under
                                     4000 pounds, upon the
                                     highways without a tail
                                     light and under the facts
                                     submitted, violates Article
                                     6701d, V.C.S.; and whether
                                     said trailer is subject to
Dear Mr. Borchers:                   registration?

        Your request for an opinion sets forth the follow-
ing facts:

        "A farmer was the owner of a two-
        wheel farm trailer with a gross weight
        not exceeding 4000 pounds.  Said trailer
        was being towed at night, between the
        hours of one-half hour after sunset and
        one-half hour before sunrise, and was
        being used to transport two horses to a
        'horse-show' at the Meridian Riding Club
        facilities, from the farmer's farm, over
        the public highway.  The trailer was only
        equipped with red reflectors on the rear.
        The farmer was stopped by a Texas highway
        patrolman and given a ticket for failing
        to have a tail light on said trailer.
        The horse show at Meridian was a sporting
        and/or an entertainment event."

        Section 108(c) of Article 6701d, V.C.S., makes it
a misdemeanor for any person to drive or move any vehicle
or combination of vehicles which is in an unsafe condition
as to endanger any person or is not at all times equipped
with such lamps and other equipment as required by Article
XIV of the Uniform Act Regulating Traffic on Highways.
Subsection (c) of Section 108 provides, however, as follows:

        "The provisions of this Article with
        respect to equipment on vehicles shall
        not apply to implements of husbandry,
        road machinery, raod rollers, or farm

tractors except as <u>herein made applicable.</u>"

Section 111(a)(b) provides as follows:

"Every motor vehicle, trailer, semi-trailer, and pole trailer, and any other vehicle which is being drawn at the end of a train of vehicles shall be equipped <u>with at least one tail lamp mounted on the rear,</u> which when lighted as herein-before required, shall emit a red light plainly visible from a distance of five hundred (500) feet to the rear, provided that in the case of a train of vehicles only the tail lamp on the rear-most vehicle need actually be seen from the distance specified.

"(b) . . . Any tail lamp or tail lamps, together with separate lamp for illuminating the rear registration plate, shall be so wired as to be lighted whenever the head lamps or auxiliary driving lamps are lighted."

Section 122 of Article 6701(d), V.C.S., provides as follows:

"All vehicles, including animal-drawn vehicles and including those referred to in Section 108(c) not hereinbefore specifically required to be equipped with lamps, shall at the times specified in Section 109 hereof be equipped with at least one lighted lamp or lantern exhibiting a white light visible from a distance of five hundred (500) feet to the front of such vehicle and with a lamp or lantern exhibiting a red light visible from a distance of five hundred (500) feet to the rear."

The two-wheel trailer in question, therefore, falls within the provisions of Section 111(a) or Section 122 of Article 6701(d), Vernon's Civil Statutes. If the trailer in question is an "implement of husbandry" as that term is used in Section 108(c) it would be exempt from the provisions of Section 111(a), but would fall within the provisions of Section 122.

Your opinion request states that the two-wheel trailer in question was equipped only with red reflectors on the rear of said trailer and, therefore, in our opinion the trailer was not equipped in conformity with Article 6701(d).

Article 6675a-2, V.C.S., is the Texas Registration Law requiring the owner of a motor vehicle, trailer, or semi-trailer, used or to be used on the public highways of this State, to register such vehicle. The Act exempts "owners of farm tractors, farm trailers, and farm semi-trailers with a gross weight not exceeding 4000 pounds . . . operated and moved temporarily upon the highways."

Section (q) of Article 6675a-1, states as follows:

"By 'operated or moved temporarily upon the highways' is meant the operation or conveying between different farms, and the operation or conveyance from the owner's farm to the place where his farm produce is prepared for narket or where same is actually marketed and return."

Your letter states that the trailer described was being used to transport horses to a "horse-show" at the Meridian Riding Club. If this was a sporting and/or entertainment event, as your letter states, the trailer would not be "operated or moved temporarily upon the highways" as that term is defined by Section (q) of Article 6675a-1.

House Bill 1082, Acts 57th Legislature, R.S. 1961, Chapter 259, page 554, amended Article 6675a-2, and provides in Sub-section (f) that the exemption shall not apply to any farm trailer or farm semi-trailer which is not operated and equipped in conformity with all other provisions of the law. Section 2(q), as amended, reads as follows:

"Any vehicle exempt from registration under Subsection (b) hereof or from regular fees under Subsection (c) hereof and operated and moved upon the public highways of this State in violation of this Section shall be deemed to be operated or moved unregistered and shall immediately be subject to the regular registration fees and penalties as prescribed by law."

As noted previously in this opinion, Section 111(a) of Article 6701d requires every motor vehicle, trailer. or semi-trailer to be equipped with a red tail light. The only exceptions to this are implements of husbandry, road machinery, road rollers, and farm tractors. Section 122 of Article 6701d requires these vehicles to be equipped with a rear red lamp or lantern.

It is our opinion, therefore, that the trailer described was not equipped in compliance with either Section 111(a) or Section 122 of Article 6701d, V.C.S., and was subject to immediate registration and penalties as provided by Section 2(q) of Article 6675a-2, V.C.S., as amended by the 57th Legislature.

## SUMMARY

A two-wheel farm trailer with a gross weight not exceeding 4000 pounds, and being operated at night without a tail light, and being used to transport horses to a sporting and/or entertainment event at which the animals are neither prepared for market nor marketed is in violation of Article 6701-1d, V.C.S., and was subject to immediate registration and penalties under Section 2(q) of Article 6675a-2, V.C.S.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Marvin F. Sentell
Assistant

MFS:sh

APPROVED:

OPINION COMMITTEE:
W.V. Geppert, Chairman
John Reeves
Arthur Sandlin
Vernon Teofan

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.